## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| BRIAN MAGUIRE, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 2:11-CV-832 DS |
| C. TAYLOR et al., | |
| Defendants. | District Judge David Sam |

Plaintiff, Brian Maguire, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.S. § 1983 (2013). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id*. § 1915. Before the Court are Defendant Freestone's Motion to Dismiss (Doc. No. 30), Defendant Angerhofer's Motion to Dismiss (Doc. No. 32) and Plaintiff's motion for appointed counsel (Doc. No. 26).

## ANALYSIS

### I.  Introduction

Plaintiff's Complaint (Doc. No. 6) asserts eight civil rights claims based on alleged violations of his right to access the courts. In addition to numerous Utah Department of Corrections (UDC) officials, the Complaint also names as defendants Wayne Freestone and David Angerhofer, who are contract attorneys hired by UDC to assist inmates with preparation

and filing of initial pleadings in certain cases.[1]  Plaintiff alleges that the Contract Attorneys

refused to assist him with preparation of a civil suit regarding injuries Plaintiff allegedly

sustained due to inadequate medical care provided at the Central Utah Correctional Facility

(CUCF).[2]  (*See* Compl., Count Five, p.16-19.)  Plaintiff further alleges that Defendants refused to

help him with some of the claims in this case, and with a request for prelitigation review filed

with the Utah Department of Occupational and Professional Licensing (DOPL).  Plaintiff's

Complaint seeks monetary damages, declaratory and injunctive relief, and costs.

Contract Attorneys move for dismissal asserting that Plaintiff's allegations fail to state a

viable federal claim.  Specifically, Defendants assert Plaintiff fails to allege facts showing that

they are state actors under Section 1983, which only affords relief for civil rights violations

committed by persons acting "under color of state law."  *See* 42 U.S.C.S. § 1983 (2013).

Plaintiff has had ample opportunity to respond to Defendants' motions.

## II.  Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) requires the court to decide whether the factual

allegations made in the complaint, if true, would entitle the plaintiff to some sort of legal remedy.

To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide

'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."

---

[1]  For simplicity, the Court will refer to Freestone and Angerhofer as "Defendants" or
"Contract Attorneys."

[2]  This claim is the subject of a separate *pro se* lawsuit filed by Plaintiff in this court
(2:10-CV-626-CW).

2

*Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  In other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-plead facts as true and draw reasonable inferences from those facts in favor of the non-moving party. *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.  However, legal conclusions, deductions, and opinions couched as facts are not presumed to be true, and the court must disregard conclusory allegations without supporting factual averments. *See, e.g., Erikson v. Pawnee County Bd. of County Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  When a civil rights complaint contains only "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the court considers those assertions conclusory and does not afford them the presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

3

### III.  Defendants' Motions to Dismiss

### A.  Plaintiff's Allegations

Plaintiff's Complaint alleges that in January 2009 Defendant Angerhofer refused to provide assistance with drafting the complaint in case number 2:10-CV-676-CW, regarding medical care at CUCF.  In October 2010 Defendant Freestone refused assistance with a state civil rights suit related to the DOPL petition.  In November 2010 Plaintiff met with Defendant Angerhofer about the potential state court suit and Angerhofer agreed to review his claims. Several weeks later Plaintiff's materials were returned to him with a memo stating that the Contract Attorneys would not assist Plaintiff with the suit.

In January 2011 Plaintiff allegedly sent a file to the Contract Attorneys regarding the legal access claims presented in this suit.  Plaintiff sent additional materials regarding these claims the following month.  In April 2011 Angerhofer met with Plaintiff and went over materials related to these claims.  On June 6, 2011, Plaintiff received a letter from the Contract Attorneys stating that his materials were under review and that a response was forthcoming.  However, on August 17, 2011, Defendants denied ever receiving any files or a request from Plaintiff for drafting assistance on the these claims.

Plaintiff asserts that by refusing to assist him in each of these instances the Contract Attorneys "abused their discretion and violated Plaintiff's First and Fourteenth Amendment rights."  (Doc. No. 6, at 1.)

### B.  Legal Standard for Court Access Claims

It is well-recognized that prison inmates "have a constitutional right to 'adequate,

4

effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir.1980), cert. denied, 450 U.S. 1041, 101 S. Ct. 1759 (1981) (quoting *Bounds v. Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495 (1977)).  In *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491 (1977), the Supreme Court clarified this obligation by stating, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted).  Legal assistance does not necessarily require assistance from a lawyer, however, and may include help from persons such as inmate law clerks, paralegals, law students, volunteer attorneys, or staff attorneys.  *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).

To successfully assert a claim for denial of access to the courts, a prisoner must show (1) the inadequacy of the library or legal assistance furnished, and (2) an "actual injury" resulting from the inadequate facilities or assistance.  *Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174 (1996).  To satisfy the "actual injury" requirement a plaintiff must show "that the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim."  *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996).  Finally, the non-frivolous claims involved must be "habeas corpus or civil rights actions regarding current confinement."  *Carper*, 54 F.3d at 616.

Generally, a private attorney who provides legal assistance to inmates pursuant to a contract with a state department of corrections is not considered to be a state actor for Section 1983 purposes. *See Smith v. Freestone*, No. 99-4005, 188 F.3d 519, 1999 WL 510524, at *1

(10th Cir. Jul. 20, 1999) (unpub.); *McCarthy v. Armstrong, et al.,* Case No. 3:96cv517

(PCD)(HBF) (D. Conn. May 28, 1998).  However, such an attorney could be subject to liability

under Section 1983 if he conspires with state actors to violate an inmate's constitutional rights,

even if the state actors themselves are immune from Section 1983 liability.  *Dennis v. Sparks,*

449 U.S. 24, 28, 101 S. Ct. 183, 186 (1980).  To state a conspiracy claim a plaintiff must allege

facts showing a meeting of the minds or agreement among the defendants.  *Brever v. Rockwell*

*Int'l Corp.,* 40 F.3d 1119, 1126 (10th Cir. 1994).  While the plaintiff need not present direct

evidence showing a conspiracy, he must at least show a sequence of events from which a

reasonable jury could infer there was a meeting of the minds.  *See Adickes v. Kress & Co.,* 398

U.S. 144, 154, 90 S. Ct. 1598 (1970).  Conclusory allegations that defendants acted "in concert,"

or "conspired" without specific factual allegations to support such assertions are insufficient to

state a claim.  *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001).

### C.  Insufficiency of Plaintiff's Allegations

Even assuming that Plaintiff's allegations are sufficient to show that he was denied

adequate legal assistance and that the denial caused him actual injury, Plaintiff has not alleged

specific facts from which a reasonable jury could infer that the Contract Attorneys conspired to

violate Plaintiff's constitutional rights.  Instead, Plaintiff's Complaint focuses almost exclusively

on the allegedly deficient assistance provided by the Contract Attorneys, without making any

showing that there was a meeting of the minds or agreement between them and any state actor to

deny Plaintiff access to the courts.  In his opposition memorandum (Doc. No. 47) Plaintiff, for

the first time, makes the conclusory assertion that Defendants "conspired to intentionally impede

6

his [litigation] efforts."   (Doc. No. 47, p. 1.)  However, there are no facts in the Complaint to support this assertion, nor has Plaintiff shown that he could amend his complaint to include such facts.

Plaintiff's assertion that Defendant Freestone's "complicity [in] impeding Plaintiff's [legal] access may be inferred" from his alleged failure to act in a timely manner is unavailing; this failure could just as easily be attributed to any number of non-conspiratorial factors. Similarly, Plaintiff's assertion that "Defendant Angerhofer's complicity may be inferred from his knowing union of purpose demonstrated in refusal to consider drafting pleadings for [Plaintiff]" ignores the possibility that Angerhofer may have refused assistance based simply on his opinion that Plaintiff's claims lacked legal merit.  Finally, Plaintiff's tenuous theory that Defendants engaged in a "passive conspiracy" by failing to prevent "other defendants" from denying Plaintiff access to the courts merely highlights the absence of any facts directly implicating Defendants in a conspiracy.  Simple parroting of legal terms like "complicity," "union of purpose,"  or "passive conspiracy" is insufficient to make out a plausible conspiracy claim.

Because Plaintiff fails to allege any facts from which a reasonable jury could infer that Defendants conspired with state actors to deprive Plaintiff of access to the courts, Defendants are not subject to liability under Section 1983.  Thus, Defendants' motions to dismiss are granted.

### IV.  Motion to Appoint Counsel

Plaintiff has renewed his motion for appointed counsel to represent him in this case. Plaintiff asserts that appointed counsel is warranted based on his limited legal expertise, his lack of access to a law library, the limited assistance provided by the prison contract attorneys, the

7

difficulty of consolidating his related cases, the potential need for expert witnesses, and his

inability to hire an attorney.  Defendants have not responded to Plaintiff's motion.

It is well established that plaintiffs in civil cases do not have a constitutional right to

counsel.  *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823

F.2d 397, 399 (10th Cir. 1987).  However, a district court may, in its discretion, appoint counsel

for indigent inmates under 28 U.S.C. § 1915(e)(1).  *See* 28 U.S.C.A. § 1915(e)(1) (West 2012);

*Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  When deciding

whether to appoint counsel, the court considers a variety of factors "including 'the merits of the

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to

present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v.*

*Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996).   "The

burden is upon the applicant to convince the court that there is sufficient merit to his claim to

warrant the appointment of counsel."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.

1985).

Weighing the above factors, the court concludes that appointed counsel is not warranted

at this time.  It does not appear that the legal or factual issues related to Plaintiff's remaining

claims are especially complex or that Plaintiff is unable to adequately pursue them on his own.

Instead, Plaintiff has demonstrated ample ability to litigate his claims and respond to motions

thus far.  Moreover, Defendants have recently filed a *Martinez* Report which should mitigate the

need for extensive discovery and allow Plaintiff to respond to summary judgment on his own.  If

the case reaches a point where appointed counsel is warranted the court will address the matter

*sua sponte*, there is no need for Plaintiff to raise this issue again.  Thus, Plaintiff's motion for appointed counsel is denied.

### ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendant Freestone's Motion to Dismiss (Doc. No. 30) is **GRANTED**;

(2)  Defendant Angerhofer's Motion to Dismiss (Doc. No. 32) is **GRANTED**; and,

(2) Plaintiff's Motion to Appoint Counsel (Doc. No. 26) is **DENIED**.

Dated this 21st day of February, 2013

BY THE COURT:

DAVID SAM
United States District Judge